**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

CYNTHIA WEBB,               )

                            )

       **Plaintiff,**      )     **COMPLAINT**

                            )

**v.**                        )

                            )

EAST RAMAPO CENTRAL SCHOOL  )

DISTRICT; EAST RAMAPO BOARD   )     **JURY TRIAL**

OF EDUCATION; ERIC BRAND,      )     **DEMANDED**

MITCHELL SCHWARTZ; JOE L.      )

FARMER; MARY SCULNIK; JEAN E.  )

FIELDS; RICHARD J. NEIDHART;    )

and AUGUSTINA WEST,          )

                            )

       **Defendants.**     )



**08 CIV. 3565**

**JUDGE KARAS**

## I.    NATURE OF THE ACTION

1.    Plaintiff Cynthia Webb, a former English teacher at Ramapo High School ("Ramapo H.S.") from 2003-2007, brings this action to remedy the unlawful age and gender discrimination, sexual harassment, and retaliation that she suffered at the hands of her employer, Defendant East Ramapo Central School District (the "District"), and the District's Defendant Administrators and a School Department head.   Beginning in approximately September 2005, Ms. Webb was subjected to age discrimination, sexual harassment, and retaliation orchestrated by Defendant Eric Brand, the Chairman of the English Department and an employee of the District.   In particular, upon his arrival at Ramapo H.S. at the start of the 2005-2006 school year, Defendant Brand bragged about his proven tactics in getting rid of older teachers and then proceeded to implement these same methods at Ramapo H.S.  Defendant Brand also created a hostile work environment

on the basis of gender through repeated and pervasive sexually charged comments primarily regarding other Ramapo H.S. employees as well as students.

2.    In particular, the Defendant School District; Defendant East Ramapo Board of Education (the "Board"); Defendant District Superintendent, Mitchell Schwartz; Defendant District Deputy Superintendent, Joe L Farmer; Defendant District Personnel Director Mary Sculnik; Defendant Ramapo High School Principal, Jean E. Fields; Defendant Ramapo High School Assistant Principal of Administration, Richard J. Neidhart; Defendant Ramapo Assistant High School Principal Augustina West; and Defendant Chairman of the Ramapo H.S. English Department Eric Brand – hereafter collectively "Defendants," unless otherwise specified – allowed Defendant Brand to continue his harassment and outrageous behavior, including the following:

- Coercing teachers to engage in sexually explicit dramatic readings during department meetings;

- Speaking about his own sexual agendas: insisting that he would not have sex with teachers, but would in fact have affairs with fellow chairwomen;

- Making numerous inappropriate and shocking sexual comments about female students, such as "[she has] curves in all the right places," "[she's] supermodel material," and suggestively quipping, "If she were older and I weren't married…"; and

- Defendant Brand's lecherous behavior made at least one female student uncomfortable in his presence, convinced that he was "looking her up and down."

3.    Defendants District and Board and their officers, employees, and agents – including the individual defendants – failed to investigate Ms. Webb's claims and further failed to take any disciplinary action against Defendant Brand for his egregious behavior.

2

Additionally, Defendants District and Board wrongfully denied tenure to Ms. Webb and constructively discharged her on January 26, 2007.

## II.    PROCEDURAL HISTORY

4.    On April 13, 2007, Ms. Webb filed a Notice of Claim with the District and Board in accordance with N.Y. Gen. Mun. L. §§ 50-e and 50-i and N.Y. Educ. L. § 3813, detailing her allegations and claims against Defendants.    Following this notice, Defendants served upon Ms. Webb a Demand for Examination in accordance with N.Y. Gen. Mun. L. § 50-h. Ms. Webb was orally examined under oath on August 10, 2007.  As of this date, Defendants have neglected and refused to pay Ms. Webb claims or to provide her with any other relief.

5.    Ms. Webb filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on July 17, 2007, alleging age-based and gender-based discrimination, sexual harassment, hostile work environment, and retaliation.

6.    On January 18, 2008, after determining that it would be unable to complete its investigation of Plaintiff's claim within 180 days of the initial charge, the EEOC issued Ms. Webb a Right to Sue letter. Ms. Webb duly complied with the Right to Sue letter and commenced this lawsuit within 90 days of receipt thereof.

## III.    PARTIES

### A.    The Plaintiff

7.    Plaintiff CYNTHIA WEBB was at all relevant times alleged herein a resident of Chestnut Ridge, New York, located in Rockland County.  Ms. Webb was a substitute teacher at Ramapo H.S. during the 2001-2002 school year and a full time teacher at Ramapo from September 2003 to January 2007, when she was constructively

discharged due to ongoing discrimination, hostile work environment, retaliation, and wrongful denial of tenure.

**B.    Defendants**

8.    Defendant EAST RAMAPO CENTRAL SCHOOL DISTRICT (the "District") was at all relevant times alleged herein located in Spring Valley (Rockland County), New York.  It operates several schools from the Pre-Kindergarten through High School level, including Ramapo H.S.

9.    Defendant EAST RAMAPO BOARD OF EDUCATION (the "Board") was at all relevant times alleged herein the school board for the District and is composed of nine members elected by the community to three-year terms.  According to its website, the Board is responsible for "selecting the Superintendent of Schools"; "adopting goals and objectives"; "establishing policies for the operation of the District"; "providing and promoting a budget"; "levying taxes"; "setting educational policy approving the appointment of all school district personnel and contracts"; and "meeting all requirements of state education law."

10.    At all relevant times alleged herein, Defendant MITCHELL SCHWARTZ ("Schwartz") was the Superintendent of the District.  Defendant Schwartz retired on or about January 14, 2008.

11.    Defendant JOE L. FARMER ("Farmer") is and at all relevant times alleged herein was the Deputy Superintendent for Secondary Education for the District. Defendant Farmer oversees the District's middle schools and high schools, including Ramapo H.S.

12.    Defendant MARY SCULNIK ("Sculnik") is and at all relevant times

alleged herein was the Director of Personnel and Employment Compliance Officer for the District. Defendant Sculnick was and is responsible for ensuring equal employment opportunity in District schools including compliance with federal, state, and local anti-discrimination laws.

13.    Defendant JEAN E. FIELDS ("Fields") is and at all relevant times alleged herein was the Principal of Ramapo H.S., a position she has held since her appointment by the Board in July 2005. Prior to her appointment to this position, Defendant Fields was a teacher and Vice Principal at Ramapo H.S. Defendant Fields resides in Rockland County.

14.    Defendant RICHARD J. NEIDHART ("Neidhart") is and at all relevant times alleged herein was the Assistant Principal of Administration at Ramapo H.S., a position he has held since his appointment by the Board in 2002. Prior to his appointment to this position, Defendant Neidhart was the Dean of Students at Chestnut Ridge Middle School, where he was responsible for ensuring a safe school environment.

15.    Defendant AUGUSTINA WEST ("West") is and during all relevant times alleged herein was an Assistant Principal at Ramapo H.S.

16.    Defendant ERIC BRAND ("Brand") is and at all relevant times alleged herein was the Chairman of the English Department at Ramapo H.S., a position he has held since his appointment by the Board in September 2005, and in that role was Ms. Webb's immediate supervisor until her constructive discharge in January 2007. Prior to his appointment to this position, Defendant Brand was an assistant principal at a public school in New York City.

17.    Upon information and belief, Defendant Brand committed improper acts

5

of age and gender discrimination against teachers at the school in New York City where he worked immediately before being employed by the District.   Further, upon information and belief, Defendant Brand was a prime defendant in an age discrimination lawsuit against the board of education in New York City.

18.    Defendant Brand is directly and personally responsible for the acts of discrimination and retaliation alleged in this Complaint.   The remaining individual Defendants – acting on behalf of the District and Board as well as in their personal capacities – acquiesced in, ratified, and/or negligently, and/or recklessly, and/or willfully failed to address Defendant Brand's outrageous actions and the severe and pervasive discrimination and hostile work environment perpetrated at Ramapo H.S.   Defendants negligently hired and retained Defendant Brand despite actual or constructive knowledge of his discriminatory and harassing methods, intentions, and conduct both in his previous employment at the city of New York and at Ramapo H.S.

## IV.    JURISDICTION AND VENUE

19.    Jurisdiction over Defendants is properly vested under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq*; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e), *et. seq.*; Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681, *et. seq.*; and 42 U.S.C. § 1983.   Defendants District and Board are located in Rockland County, New York, where Ramapo H.S. is also situated.    Individual Defendants were officers, agents, and/or employees of Defendants District and Board during the events giving rise to this claim, and with the exception of Defendant Schwartz, continue to be so employed.

20.    Venue is proper in this Court because Defendants District and Board

reside in this judicial district and the events giving rise to this claim occurred in this district. Plaintiff, as well as one or more of the individual Defendants, are also residents of this district; all of the individual defendants were employed by Defendants District and Board during the circumstances from which the particular claims against them arise.

## V.    **FACTUAL ALLEGATIONS**

21.    Ms. Webb was employed by Defendant District beginning during the 2001-2002 school year, when she was a substitute teacher in the District.    From September 2003-January 2007, Ms. Webb taught English full time at Ramapo H.S. Ms. Webb holds a BA in English Literature, a JD, and an MFA in Creative Writing, and is certified to teach English and Social Studies, grades 7-12, in New York. Ms. Webb coached the Ramapo High School Mock Trial Team, which was undefeated in Rockland County, and reached the final round of the Regional tournament.

22.    During the events in question – discrimination that took place in the period from in or about September 2005 to in or about January 2007 – Ms. Webb was 49-50 years of age.

23.    Defendant Brand began as the Chairman of the English Department in September 2005 and was Ms. Webb's immediate supervisor during the relevant period. Upon information and belief, the remaining Defendants failed to conduct any background investigation into Defendant Brand and his employment history.

24.    Prior to Defendant Brand's appointment, Ms. Webb was recognized as an exemplary teacher; she consistently received good performance evaluations and had positive relationships with her colleagues.    She was on track to receive tenure in September 2007.

A.    **Age Discrimination**

25.    From the beginning of Defendant Brand's employment at Ramapo H.S.,
he repeatedly and consistently made hostile and offensive comments to Ms. Webb
regarding older teachers, including herself, and his intention to force them to retire.
Defendant Brand said that he would be an "agent of change" to get rid of "older"
department members, who were not "in touch" with their students.

26.    Defendant Brand further stated that it had been his "charge" in his
previous employment as a Vice Principal in New York City and in other positions to "get
rid of dead wood".  On numerous occasions, he described methods he had used to force
out older teachers, including poor performance evaluations, selective class scheduling,
and criticizing their choice of course material.  Defendant Brand also informed Ms. Webb
that he was a defendant in an age discrimination lawsuit brought against him and the New
York City Board of Education centered upon these techniques.

27.    Shortly after he began at Ramapo H.S., Defendant Brand began to use the
very same tactics against Ms. Webb and other teachers over 40 years of age.   In
particular, Ms. Webb began to receive unwarranted negative performance reviews,
arduous class schedules, and criticism about her selection of course materials.  Younger
teachers were not treated in similar fashion and were given favorable treatment.

28.    In addition to withholding "good" classes and assigning so-called
"difficult" classes, Defendant Brand's scheduling techniques included failing to provide
Ms. Webb with a fixed classroom and deliberately giving her classes scattered throughout
the Ramapo H.S. building.   Moreover, contrary to school policy, Defendant Brand
regularly chastised and penalized Ms. Webb for not teaching "bell to bell" – despite the

fact that she had numerous other instructional-related tasks to attend to during the five-minute interval between periods, as well as long distances to travel between classes. These actions forced Ms. Webb to drag heavy bags of school materials up and down flights of stairs and over long distances several times each day, which caused her chronic physical pain and injury; prevented her from being able to use the restroom for extended periods; and made it physically impossible for her to meet Defendant Brand's unrelenting and excessive demands. Defendant Brand instead gave fixed classrooms to younger teachers or left them unoccupied. He told Ms. Webb that he would "never assign" such a schedule to a teacher unless he was "trying to get rid" of her.

29.    Furthermore, Defendant Brand targeted Ms. Webb by making frequent and disruptive unannounced visits to her classrooms, often multiple times in a day. During one such visit, he came in with another employee and interrupted the entire classroom lesson by moving books about while Ms. Webb was teaching. Defendant Brand also left notes in Ms. Webb's mailbox criticizing her and demanding, without explanation, that she make changes in her classes.

30.    Defendant Brand also used many of the same tactics against other older teachers, including but not limited to taking away their honors classes (and reassigning them to younger, less-qualified teachers) as well as assigning classes in subjects that they were not qualified to teach. Such discriminatory methods were effective at humiliating teachers and affecting their performance because Defendant Brand knew that they involved critical aspects of a teacher's day-to-day job experience and satisfaction.

B.    **Gender Discrimination/Sexual Harassment**

31.    From the onset of his employment at Ramapo H.S., Defendant Brand regularly and continuously exhibited highly unprofessional behavior that created a sexually charged atmosphere and resulted in a hostile work environment towards female employees, including Ms. Webb.

32.    Defendant Brand frequently made inappropriate sexual remarks – often about students or other teachers – including, but not limited to, the following incidents:

- Defendant Brand remarked that a Muslim student had "curves in all the right places" and revealed a great deal of her body because she changed before school and her clothing was therefore always in disarray;

- Defendant Brand commented that a female mock trial student of Ms. Webb's was "supermodel material." On at least one occasion, the student asked Ms. Webb to meet her somewhere other than the English Department office because as the student said, "Dr. Brand always looks me up and down when I go in there";

- In reference to a student passing in the hallway, Defendant Brand remarked to another teacher, "If she were older and I weren't married…";

- Defendant Brand boasted that while he could not have sex with teachers because they were "under him," he nonetheless could have "affairs" with fellow chairwomen of other departments;

- Defendant Brand said that he was looking for an assisted living situation for his father that would allow his father to have women come in and have sex with him.

33.    During a department meeting, Defendant Brand gave the teachers a handout containing a story with the ending missing. The story involved a girl who wishes to please a boy who wants to have sex with her. The story ended at a point that implied a sexually explicit scene would follow. He asked the teachers to write an ending to the story. Ms. Webb chose not to participate in this blatantly inappropriate and demeaning activity; however, another teacher read aloud a sex scene she had written,

which made Ms. Webb feel extremely uncomfortable. Defendant Brand told his teaching

staff that the exercise had been pre-approved by Defendant Neidhart.

### C.    Retaliation

34.    Ms. Webb complained about the above instances of discrimination and

harassment to Defendant Ramapo H.S.'s administration, her union representative, and the

union's Executive Board.  In addition, she submitted written responses to Defendant

Brand regarding the unjustified negative performance evaluations he gave her, in

accordance with the school's procedure for contesting such evaluations.

35.    Not only did the remaining individual School Administration Defendants,

as well as the District and Board, fail to take any steps to redress Ms. Webb's grievances,

but Defendant Brand began to retaliate against Ms. Webb for voicing her complaints, and

her work situation grew increasingly worse.  On several occasions, Defendant Brand

made hostile remarks about teachers using the union to deal with school problems, saying

it was "unprofessional" and "adversarial."  He also gave an explicit directive in a

departmental meeting that teachers were not to go "over his head" with their complaints,

calling out and embarrassing Ms. Webb in front of her colleagues.

36.    Furthermore, Defendant Brand put Ms. Webb on an "improvement plan,"

which identified her supposed weaknesses as a teacher and listed a number of suggestions

to address them.  When Ms. Webb protested, Defendant Brand admitted that many of the

items on the improvement plan were unnecessary, but that Ms. Webb had chosen to make

the process adversarial by going to the union.

37.    Defendant Brand continued to give Ms. Webb negative evaluations and

made sarcastic and off-putting comments about her written responses and other

complaints.    Ms. Webb felt threatened and discouraged from making additional complaints.

### D.    Constructive Discharge

38.    By January 2007, Ms. Webb was unable to continue in the discriminatory and hostile work environment that Defendant Brand had deliberately created and that Ramapo H.S. and District administration Defendants condoned.    The Defendants District and Board did nothing to address Ms. Webb's complaints and neither conducted any investigation nor took any disciplinary or corrective actions against Defendant Brand. Furthermore, the school administration Defendants failed to correct Ms. Webb's unwarranted negative evaluations and improvement plan.    These unfair and discriminatory assessments effectively derailed Ms. Webb from the tenure track and placed her future job security in jeopardy. Ms. Webb knew that if she became eligible for but did not eventually receive tenure, she would not be retained on staff.

39.    Having suffered and continuing to suffer extreme psychological emotional distress as a result of Dr. Brand's relentless campaign of harassment and mistreatment and finding herself bereft of any kind of support from the Administration and without reasonable prospects of receiving tenure, Ms. Webb had no choice but to resign from her employment on January 26, 2007.    Ms. Webb was replaced by a woman in her mid-twenties.    Defendant Brand demanded to see direct proof of Ms. Webb's resignation, implying that he would continue to torment her until he was certain that she would no longer seek tenure, and thus affirming Ms. Webb's conviction that her cause was hopeless.

### COUNT I

**VIOLATIONS OF AGE DISCRIMINATION IN EMPLOYMENT ACT ("ADEA"),**
**29 U.S.C. §§ 621, *et. seq.* – AGE DISCRIMINATION**
**(Against District and Board)**

40.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

41.    Defendant Brand engaged in a relentless campaign of disparate treatment and harassment against Ms. Webb and other teachers over forty years of age designed to target them, make their jobs intolerable, and ultimately force them out of the District.

42.    Defendants District and Board failed to conduct a basic background investigation into Defendant Brand, either in advance of his hiring or in response to complaints from Ms. Webb and other teachers.  Furthermore, all Defendants tolerated, condoned, ratified and/or engaged in Defendant Brand's discriminatory conduct or, in the alternative, knew, or should have known, of its existence and failed to take remedial measures.  Moreover, the Defendants District and Board are vicariously liable for the actions of Defendant Brand, Ms. Webb's immediate supervisor, as well as her successive supervisors.

43.    Defendants' collective actions resulted in the creation of a hostile work environment and finally in the wrongful denial of tenure and Ms. Webb's constructive discharge.  Ms. Webb was replaced by an employee in her twenties.

44.    By reason of Defendants' conduct as alleged herein, Plaintiff is entitled to all legal and equitable remedies available for violations of the ADEA, including liquidated damages.

45.    Attorneys' fees should be awarded under 29 U.S.C. § 626(b).

## COUNT II

## VIOLATIONS OF ADEA, 29 U.S.C. § 623(d) – RETALIATION
### (Against District and Board)

46.　Plaintiff re-alleges and incorporates by reference each and every allegation contained in the aforementioned paragraphs as though fully set forth herein.

47.　Ms. Webb complained in writing to Defendant Brand about unwarranted negative performance reviews. In addition, Ms. Webb repeatedly voiced her complaints to the Defendant school and district administration as well as to her union.

48.　As a result of Ms. Webb's complaints, Defendant Brand intensified his campaign of harassment against her.　Moreover, in addition to further negative evaluations, Defendant Brand wrote a disciplinary "improvement plan" for Ms. Webb which he admitted was unjustified.

49.　The retaliation against Ms. Webb, like the underlying acts of age discrimination, continued to go unaddressed.　Such retaliatory conduct was tolerated, condoned, ratified and/or engaged in by Defendants District and Board – which are also subject to vicarious liability – and contributed to the wrongful denial of tenure and Ms. Webb's constructive discharge.

50.　By reason of Defendants' conduct as alleged herein, Ms. Webb is entitled to all legal and equitable remedies available for violations of the ADEA, including liquidated damages.

51.　Attorneys' fees should be awarded under 29 U.S.C. § 626(b).

## COUNT III

### VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §§ 2000(e), *et seq.*, AS AMENDED
### SEXUAL HARASSMENT (HOSTILE WORK ENVIRONMENT)
### (Against Defendants District and Board)

52.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in the aforementioned paragraphs as though fully set forth herein.

53.    Defendant Brand's severe and pervasive sexually-charged conduct – including frequent and persistent sexual remarks and innuendos as well as his gratuitous and discomfiting "instructional" exercise in which teachers were asked to write and present a sex scene during a departmental meeting – cumulatively created an abusive and hostile work environment that altered the terms and conditions of Ms. Webb's employment.

54.    Defendants District and Board failed to take any action in response to Ms. Webb's and other teachers' complaints about Defendant Brand's conduct and did not investigate these complaints, take any remedial or corrective measures, or otherwise step in to prevent further occurrences.  As such, the School and District administration tolerated, condoned, ratified and/or engaged in the harassment perpetrated by Defendant Brand.  Moreover, Defendants District and Board are subject to vicarious liability.

55.    Ms. Webb was psychologically and emotionally harmed as a result of the hostile and abusive atmosphere imposed upon her as well as the failure of the school and District to respond thereto.  Furthermore, the ongoing, unaddressed sexual harassment and degrading and humiliating treatment contributed to Ms. Webb's constructive discharge.

56.    By reason of Defendants' conduct as alleged herein, Ms. Webb is entitled to all legal and equitable remedies available for violations of Title VII.

57.    Attorneys' fees should be awarded under 42 U.S.C. §2000e-5(k).

## COUNT IV

## VIOLATIONS OF TITLE VII – RETALIATION
### (Against Defendants District and Board)

58.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the aforementioned paragraphs as though fully set forth herein.

59.     Ms. Webb voiced various complaints to her union as well as to a tenured teacher, Michelle Jacobs, about Defendant Brand's continuous and serious sexually offensive and hostile conduct. Ms. Webb complained not only on her own behalf but on the behalf of other District employees as well as students subjected to Defendant Brand's behavior. Ms. Webb's reports were relayed to Ramapo H.S. and District administration, and also made their way back to Defendant Brand.

60.     As a result, Defendant Brand began to target Ms. Webb directly, not only based upon her age, but also upon her complaints against him.  His retaliatory actions involved intensified verbal harassment and threats, further negative performance reviews, and the creation of a disciplinary "improvement plan".  These measures were intended to and did in fact hinder Ms. Webb's job security, advancement, and sense of well-being.

61.     Defendant Brand's retaliation against Ms. Webb, like the underlying sexual harassment, continued to go unaddressed.  Such retaliatory conduct was tolerated, condoned, ratified and/or engaged in by Defendants District and Board – which are also vicariously liable – and contributed to the wrongful denial of tenure and Ms. Webb's constructive discharge.

62.     By reason of Defendants' conduct as alleged herein, Plaintiff is entitled to all legal and equitable remedies available for violations of Title VII.

63.     Attorneys' fees should be awarded under 42 U.S.C. §2000e-5(k).

## COUNT V

### VIOLATIONS OF TITLE IX – SEX DISCRIMINATION IN FEDERALLY FUNDED EDUCATIONAL PROGRAMS, 20 U.S.C. § 1681
### SEXUAL HARASSMENT (HOSTILE WORK ENVIRONMENT)
### (Against Defendants District and Board)

64.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the aforementioned paragraphs as though fully set forth herein.

65.     Upon information and belief, Defendant District is a recipient of federal funds.

66.     Defendants District and Board subjected Ms. Webb to sexual harassment as alleged herein.

67.     Defendants' conduct in violation of Title IX has injured and damaged Ms. Webb.

68.     By reason of Defendants' conduct as alleged herein, Ms. Webb is entitled to all legal and equitable remedies available for violations of Title IX, including punitive damages

69.     Attorneys' fees should be awarded under 42 U.S.C. § 1988(b).

## COUNT VI

### VIOLATIONS OF TITLE IX – RETALIATION
### (Against Defendants District and Board)

70.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the aforementioned paragraphs as though fully set forth herein.

71.     As alleged, Ms. Webb complained to various administrators and union officials regarding intentional sex discrimination under Title IX – namely the creation of a hostile work environment on the basis of Defendant Brand's persistent sexually charged

comments and behavior. Ms. Webb further voiced complaints as to Defendant Brand's sexual harassment of students at Ramapo H.S., also prohibited by Title IX.

72.    As a result, Ms. Webb suffered adverse employment actions including unjustified evaluations and disciplinary measures, leading to the wrongful denial of tenure and her constructive discharge from employment.

73.    By reason of Defendants' conduct as alleged herein, Ms. Webb is entitled to all legal and equitable remedies available for violations of Title IX, including punitive damages.

74.    Attorneys' fees should be awarded under 42 U.S.C. § 1988(b).

## COUNT VII

### 42 U.S.C. § 1983 – EQUAL PROTECTION
### (Against all Defendants)

75.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in the aforementioned paragraphs as though fully set forth herein.

76.    Under the Fourteenth Amendment, Ms. Webb had a constitutional right to a work environment free of discrimination including sexual harassment.

77.    As alleged above, Defendant Brand violated this right by imposing a discriminatory hostile work environment based on gender, engaging in a protracted campaign of age-based harassment and disparate treatment designed to force Ms. Webb and her peers out of the District, concocting unjustified performance reviews and disciplinary measures, and retaliating against Ms. Webb for her various attempts to redress these matters.   These actions – left unaddressed by school and District administration (including the remaining individual defendants), despite ample notice – culminated in the wrongful denial of tenure by the District and Board and Ms. Webb's

18

constructive discharge.

78.    In perpetrating these constitutional violations, all individual Defendants acted by virtue of state-conferred authority and under color of state law.

79.    Defendants' egregious failure to properly investigate and address Ms. Webb's complaints – which were corroborated by other individuals – demonstrates their constructive acquiescence in Defendant Brand's behavior and rendered his conduct an accepted custom or practice of Defendants District and Board.  Furthermore, Defendants District and Board so abysmally failed to train their employees – including the individual Defendants – to refrain from, prevent, remedy, and root out discrimination and harassment as to display deliberate indifference to their employees' constitutional rights.

80.    Defendants' conduct in violation of the Equal Protection Clause has injured and damaged Ms. Webb.

81.    By reason of Defendants' conduct as alleged herein, Ms. Webb is entitled to all legal and equitable remedies available pursuant to 42 U.S.C. § 1983 including punitive damages against Defendant Brand and the remaining individual Defendants.

82.    Attorneys' fees should be awarded under 42 U.S.C. § 1988(b).

## COUNT VIII

### VIOLATIONS OF NEW YORK EXECUTIVE LAW § 296, subd. 1(a)
### AGE DISCRIMINATION
### (Against all Defendants)

83.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in the aforementioned paragraphs as though fully set forth herein.

84.    Defendants subjected Plaintiff to age discrimination as alleged herein, including the imposition of a hostile work environment, disparate treatment resulting in the wrongful denial of tenure, and constructive discharge.

85.    Defendants' conduct in violation of New York Executive Law § 296, subd. 1(a) has injured and damaged Ms. Webb.

86.    By reason of Defendants' conduct as alleged herein, Ms. Webb is entitled to all legal and equitable remedies available for violations of N.Y. Exec. L. § 296, subd. 1(a).

## COUNT IX

### VIOLATIONS OF NEW YORK EXECUTIVE LAW § 296, subd. 1(a)
### SEXUAL HARASSMENT
### (Against all Defendants)

87.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in the aforementioned paragraphs as though fully set forth herein.

88.    Defendants subjected Ms. Webb to sexual harassment as alleged herein.

89.    Defendants' conduct in violation of N.Y. Exec. L. § 296, subd. 1(a) has injured and damaged Ms. Webb.

90.    By reason of Defendants' conduct as alleged herein, Ms. Webb is entitled to all legal and equitable remedies available for violations of N.Y. Exec. L. § 296, subd. 1(a).

## COUNT X

### VIOLATIONS OF NEW YORK EXECUTIVE LAW § 296, subds. 3-a(c) & 7
### RETALIATION
### (Against all Defendants)

91.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the aforementioned paragraphs as though fully set forth herein.

92.     As alleged herein, Defendants retaliated against Ms. Webb for opposing Defendant Brand's various violations of N.Y. Exec. L. § 296(1)(a) – namely age and gender discrimination including ongoing harassment, disparate treatment, and the creation of a hostile work environment.

93.     Such retaliation, as alleged herein, consisted of further harassment and abuse – including statements of a threatening nature, negative performance reviews, and the institution of unwarranted and disparate disciplinary measures (i.e. the "improvement plan"). As a result, Defendants wrongfully denied tenure to Ms. Webb and constructively discharged her from employment.

94.     Defendants' conduct in violation of N.Y. Exec. L. § 296, subds. 3-a(c) & 7 has injured and damaged Ms. Webb.

95.     By reason of Defendants' conduct as alleged herein, Ms. Webb is entitled to all legal and equitable remedies available for violations of N.Y. Exec. L. § 296, subd subds. 3-a(c) & 7.

VI.     **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests the following relief:

a.      Acceptance of jurisdiction of this cause;

b.      An award of back pay; front pay; lost job benefits; and other equitable relief;

c.      An award of compensatory damages, in the amount of $300,000 for Counts 3 and 4, and in the amount of $10,000,000 for all other Counts;

d.      Liquidated damages on Counts 1 and 2;

e.      Punitive damages in the amount of $10,000,000 on Counts 5-7;

f.      Prejudgment and postjudgment interest; and

g.      Such other and further relief as the Court may deem just and

proper.

## VII.   JURY DEMAND

Plaintiff demands a trial by jury of all issues.


Dated: April 8, 2008

SANFORD, WITTELS & HEISLER, LLP

By: _____
Steven L. Wittels, SLW-8110
Jeremy Heisler, JH-0145
Andrew Melzer, AM-7649
SANFORD WITTELS & HEISLER, LLP
950 Third Avenue, 10th Floor
New York, NY 10022
Telephone: (646) 723-2947
Facsimile:  (646) 723-2948

David W. Sanford, D.C. Bar No. 457933
SANFORD WITTELS & HEISLER, LLP
1666 Connecticut Ave, N.W., Suite 310
Washington, D.C. 20009
Tel: (202) 742-7777
Fax: (202) 742-7776

*Attorneys for Plaintiff Cynthia Webb*