

# GIRVIN
# FERLAZZO, PC

ATTORNEYS AT LAW

20 Corporate Woods Blvd.
Albany, New York 12211
tel: 518 462 0300
fax: 518 462 5037
www.girvinlaw.com

June 11, 2008

*Gregg T. Johnson*
*Partner*

*gtj@girvinlaw.com*

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____.

Hon. Kenneth M. Karas, USDJ
U.S.D.C. - Southern District of New York
U.S. Courthouse
300 Quarropas Street - Room 533
White Plains, New York   10601

**Re:    Webb v. East Ramapo CSD, et. al.**
**Civil Case No.: 08 Civ. 3565**

Dear Judge Karas:

This firm represents the Defendants, East Ramapo Central School District (hereinafter "District"), East Ramapo Board of Education (hereinafter "Board"), Eric Brand, Mitchell Schwartz, Joseph Farmer, Mary Sculnik, Jean Fields, Richard Neidhart, and Augustina West (hereinafter collectively referred to as "Defendants") in the above-referenced matter currently pending before Your Honor. Defendants intend to file a partial motion to dismiss pursuant to FRCP 12(b)(6) and, pursuant to Your Honor's Individual Rules of Practice, we write to request a pre-motion conference.

Plaintiff was employed as an English teacher by the District from 2003-2007. Her employment began with the District as a substitute teacher in 2001. The Complaint alleges that Plaintiff was subjected to age-based discrimination, sexual harassment, and retaliation at the hands of Defendant Brand, the Chairman of the District English Department since September 2005. Plaintiff essentially alleges that Defendant Brand, also a teacher: attempted to "drive her out" of her teaching position because of her age by giving her unmanageable teaching assignments; subjected Plaintiff to offensive sexual comments; and retaliated against her. On December 6, 2006, Plaintiff, a teacher and an attorney, submitted a written letter of resignation to the District. On January 26, 2007, the Board of Education voted to accept Plaintiff's resignation. Over fourteen months later, on April 8, 2008, Plaintiff commenced the above-referenced action claiming, *inter alia*, that she was constructively discharged.

The Complaint advances ten (10) causes of action. Counts 1-6 are asserted against the District and the Board only, while Counts 7-10 are asserted against all Defendants. Defendants request permission to move this Court for the dismissal of Plaintiff's Equal Protection claim (Count 7) and Human Rights Law claims (Counts 8-10) as against the District, the Board, and Defendants

Schwartz, Farmer, Sculnick, Fields, Neidhardt, and West. Defendants contend that Counts 7-10 of the Complaint are deficient as against all Defendants, with the possible exception of Defendant Brand.

**1.      *Plaintiff's State Claims are Untimely as Against the District, the Board, and Defendants Schwartz, Farmer, and Sculnick.***

Defendants intend to argue on motion that Plaintiff's Human Rights Law ("HRL") claims are untimely as against the District, the Board, Defendant Schwartz, Defendant Farmer, and Defendant Skulnick, and that, thereby, Counts 8-10 of the Complaint must be dismissed as to each of these parties. It is well-settled that claims against school districts, boards of education, and school officers must be brought within one year of accrual. *N.Y. Educ. Law §3813(2-b)*; *Dortz v. City of New York*, 904 F.Supp. 127 (S.D.N.Y. 1995). Here, Plaintiff alleges that she was constructively discharged on January 26, 2007, when the Board approved her resignation. However, Plaintiff did not file her Complaint until April 8, 2008. Thus, because more than one year passed between the accrual of Plaintiff's alleged claims and the commencement of this action, the Plaintiff's state law claims must be dismissed as untimely against the District, the Board, and all individual Defendants who were officers of the District when Plaintiff's alleged causes of action arose.[1]

**2.      *The Complaint Fails to State a Claim Against Defendants Schwartz, Farmer, Sculnick, Fields, Neidhardt, and West, Upon Which Relief Can be Granted.***

In addition to the untimeliness of Plaintiff's HRL claims as against Defendants Schwartz, Farmer, and Sculnick (see *infra*), the Complaint must be dismissed on the merits as against all individually named Defendants (with the exception of Defendant Brand).

Plaintiff's Equal Protection claim ("Count 7") fails to state a claim against Defendants Schwartz, Farmer, Sculnik, Fields, Neidhardt, and West, because Plaintiff has not alleged that these individuals had any personal involvement in the allegations contained therein or were involved in decision-making regarding Plaintiff's employment. "It is well settled that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under Section 1983." *Johnson v. Newburgh Enlarged School District*, 239 F.3d 246, 254 (2d Cir. 2001); *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001); *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir.

---

[1]Education Law §2(13) defines "school officers" as, *inter alia*, "a superintendent of schools . . . or other elective or appointive officer in a school district whose duties generally relate to the administration of affairs connected with the public school system." The following Defendants fit within this definition and, thus, the Counts 8-10 of the Complaint must be dismissed as against them for want of timeliness: Defendant Schwartz (Superintendent); Defendant Farmer (Deputy Superintendent for Secondary Education); and Defendant Sculnik (Director of Personnel).

1994). As a result, a defendant must have "direct participation" in the commission of the alleged wrong, *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996), or be "responsible for the alleged constitutional deprivation," *Al-Jundi v. Estate of Nelson Rockefeller*, 885 F.2d 1060, 1065 (2d Cir. 1989), in order to be held individually liable to a plaintiff for damages pursuant to Section 1983. Where, as here, a Complaint is devoid of any allegations regarding the personal involvement of these Defendants in the claimed constitutional deprivation, the Complaint is "fatally defective on its face" as against them. *Alfaro Motors, Inc., v. Ward*, 814 F.2d 883, 886 (2d Cir. 1987); *see Rosa R. v. Connelly*, 889 F.2d 435, 437 (2d Cir. 1989). Accordingly, because the Complaint's recitation of alleged facts makes plain that only Defendant Brand was personally involved in any purported violation(s) of Plaintiff's Equal Protection rights, "Count 7" must be dismissed as against all of the other individually named Defendants.

Plaintiff's HRL claims ("Counts 8-10") against Defendants Schwartz, Farmer, Sculnik, Fields, Neidhardt, and West must be dismissed for failing to plead their involvement in the complained-of conduct. Plaintiff does not allege that she suffered any harassment at the hands of any Defendant other than (allegedly) Defendant Brand. Rather, the Complaint alleges that the other named Defendants merely "acquiesced in, ratified, and/or negligently, and/or recklessly, and/or willfully failed to address Defendant Brand's" conduct. (Compl. ¶ 18.) However, besides this conclusory and formulaic assertion, the Complaint does not allege that *any* of the named Defendants - let alone all of them - acquiesced in Defendant Brand's alleged conduct. Moreover, the Complaint does not even assert that these Defendants had *knowledge* of Defendant Brand's alleged conduct. Additionally, although the named Defendants are District administrators, there is no allegation that any of them were decision-makers with respect to the terms and conditions of Plaintiff's employment. *See Summers v. County of Monroe*, 147 A.D.2d 949, 949-50 (4ᵗʰ Dept. 1989) (holding that a plaintiff must allege that an employee "had the requisite authority to carry out personnel decisions" in order to sustain HRL claims against him or her). Indeed, the Complaint alleges that Defendant Brand was Plaintiff's immediate supervisor and responsible for assigning her work and monitoring her job performance. Accordingly, Plaintiff's Human Rights Law claims against the individual Defendants, with the exception of Defendant Brand, must be dismissed for failure to allege that they were personally involved in and/or acquiesced in the purported unlawful actions.

### 3.   *Plaintiff's Equal Protection Claim Against the District and the Board is Barred Pursuant to the* Sea Clammers *Doctrine.*

Defendants also intend to argue on motion that Plaintiff's Equal Protection claim against the District and Board is redundant to her Title VII and Title IX discrimination claims, and must be dismissed pursuant to the *Sea Clammers* doctrine. *Middlesex County Sewerage Auth. v. National Sea Clammers Assoc.* 453 U.S. 1 (1981) (holding that "when the remedial devices provided in a particular Act are sufficiently comprehensive, they may suffice to demonstrate congressional intent to preclude the remedy of suits under § 1983").

June 11, 2008

Defendants respectfully request that Defendants' time in which to respond to the Complaint be tolled pending the disposition of the instant request for a pre-motion conference and/or an Order by the Court setting forth a revised pleadings/motion schedule.  Thank you.

Respectfully submitted,

GIRVIN & FERLAZZO, P.C.

By:

Gregg M. Johnson
Bar Roll No.: GJ3348

GTJ:JEH:dl
cc:    Sanford Wittels & Heisler, LLP

The Court will hold a pre-motion conference on July, 31 2008, at 11:00. All filing deadlines are stayed until that conference.

So ordered.

M.K.

6/24/08